# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:10cr09

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs.    ) | **O R D E R** |
| ) | |
| ) | |
| JAMES ERNEST LESPIER.    ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for a Judgment of Acquittal [Doc. 87].

## PROCEDURAL HISTORY

On December 7, 2010, the Defendant was charged in a two count Superseding Bill of Indictment with first degree murder, in violation of 18 U.S.C. §1111, and with using a firearm during a crime of violence which caused the death of another person, in violation of 18 U.S.C. §924(j)(1). [Doc. 20]. On June 8, 2011, after a six day trial, the Defendant was found guilty by jury verdict of both counts. [Doc. 87]. On June 20, 2011, he timely moved for a judgment on acquittal alleging there was insufficient evidence to sustain the convictions. [Doc. 87-1].

## STANDARD OF REVIEW

When a motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 is "based on insufficiency of the evidence, the verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001) (internal quotation and citation omitted).

> In reviewing the sufficiency of the evidence following a conviction, the court is to construe the evidence in the light most favorable to the government, assuming its credibility, and drawing all favorable inferences from it, and will sustain the jury's verdict if *any* rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. If there is substantial evidence to support the verdict, after viewing all of the evidence and the inferences therefrom in the light most favorable to the Government, the court must [sustain it]. Furthermore, this court cannot make [its] own credibility determinations but must assume that the jury resolved all contradictions in testimony in favor of the Government.

United States v. Penniegraft, 641 F.3d 566, 571-72 (4th Cir.), cert. denied __ U.S. __, 132 S.Ct. 564, 181 L.Ed.2d 407 (2011) (internal quotations and citations omitted; emphasis in original). Moreover, in determining whether the evidence is substantial, this Court does not weigh it. United States v. Combs, 26 F. App'x. 198, 201 (4th Cir. 2002) (citing United States v. Arrington, 719 F.2d 701, 704 (4th Cir.), cert. denied 465 U.S. 1028, 104 S.Ct. 1289, 79 L.Ed.2d 691 (1984)).

## DISCUSSION

The Defendant contends that the evidence presented by the Government is insufficient to establish each of the elements of Count One of the Superseding Bill of Indictment, first degree murder in violation of 18 U.S.C. §§1111 & 1153.[1] The first degree murder statute, 18 U.S.C. §1111, provides that any killing which is done with malice aforethought, willfulness, deliberateness, maliciousness and premeditation is murder in the first degree. United States v. Medina-Garcia, 226 F. App'x. 281 (4th Cir.), cert. denied 552 U.S. 933, 128 S.Ct. 327, 169 L.Ed.2d 230 (2007) (stating elements of first degree murder). Any other murder committed with malice aforethought is murder in the second degree.[2] Id. The Government in this case charged the Defendant with unlawfully killing another human being with malice aforethought, willfully, deliberately, maliciously and with premeditation. [Doc. 20]. In other words, he was charged with first degree murder.

The Defendant first claims that the Government failed to produce evidence of the first element, that he actually killed the victim, as opposed to

---

[1]The Defendant does not dispute the first two elements required by 18 U.S.C. §1153: that the incident at issue occurred within the territorial boundaries of the Eastern Band of Cherokee Indians reservation and that the Defendant is an enrolled member of the Cherokee Tribe. [Doc. 87-1 at 3].

[2]Any murder committed without malice aforethought is manslaughter. United States v. Pheasant, 320 F. App'x. 160, 161 (4th Cir. 2009).

3

evidence that an accidental shooting occurred. In support of that position, defense counsel note that no fingerprints were found on the weapon, no one saw the Defendant with the gun in his hand and "all the evidence introduced indicated that Ms. Smith [the victim] was firing the weapon at the Defendant and the gun discharged during the course of the struggle." [Doc. 87-1 at 4]. Counsel further argues that there is no evidence that the Defendant shot the victim "execution style;" that is, from an angle to the back of her head. [Id.].

Defendant's argument overlooks the fact that in considering a Rule 29 motion, courts consider *both* circumstantial and direct evidence, drawing all reasonable inferences from both types of evidence in the Government's favor. United States v. Cruz, 439 F. App'x. 209, 213-14 (4th Cir. 2011) (citing United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008)). Only when a prosecutor's failure is "clear" can a court reverse a conviction on the ground of insufficient evidence. Id. (citation omitted). In this case, the medical examiner testified that the victim could not have been holding the gun at the time of discharge given the angle of the shot. Other than the victim and the Defendant, the only person present in the house at the time of the shooting was a sleeping child. Thus a reasonable inference from the circumstantial evidence is that the Defendant must have been holding the gun. This is

evidence which the jury considered and, obviously, believed. United States v. Poole, ___ F. App'x. ___, 2011 WL 5008522 (4th Cir. 2011) (although the defendant offered alternative explanations for what occurred, "we need only find that the jury could have reasonably credited the government's theory" based on circumstantial evidence); United States v. Foster, 507 F.3d 233, 245-46 (4th Cir.), cert. denied 552 U.S. 1274, 128 S.Ct. 1690, 170 L.Ed.2d 383 (2008) ("this circumstantial evidence, taken in totality and viewed in the light most favorable to the government, is sufficient to sustain the jury's finding that Taylor murdered McManus."). "[C]ircumstantial evidence is not inherently less valuable or less probative than direct evidence." United States v. Williams, 445 F.3d 724, 731 (4th Cir.), cert. denied 549 U.S. 933, 127 S.Ct. 314, 166 L.Ed.2d 236 (2006) (citations omitted). "[I]ndeed, circumstantial evidence alone may support a guilty verdict," including a verdict of guilty of murder in the first degree. United States v. Espaillet, 380 F.3d 713, 719 (2nd Cir. 2004); United States v. Russell, 971 F.2d 1098, 1110 n. 24 (4th Cir.), cert. denied 506 U.S. 1066, 113 S.Ct. 1013, 122 L.Ed.2d 161 (1993).

The Defendant's argument is, in essence, that the jury's credibility determinations and weighing of this evidence was wrong. This Court, however, in ruling on the motion, does not make either credibility

5

determinations or weigh the evidence. Penniegraft, 641 F.3d at 571-72 ; Combs, 26 F. App'x. at 201. The evidence produced by the Government at trial was sufficient for a rational jury to find beyond a reasonable doubt that the Defendant killed the victim.

The Defendant's next argument is that the Government "failed to produce *any* evidence, let alone *substantial evidence*" of malice aforethought, deliberateness or specific intent. [Doc. 87-1 at 6] (emphasis in original). The evidence, according to defense counsel, shows only that (1) the victim became angry with the Defendant because he had taken a pill from her; (2) because she was angry, she shot the gun at a point above his head; (3) the Defendant tried to take the gun away from her; and (4) while they struggled for it, it discharged. None of this evidence, the Defendant argues, is sufficient to show the elements of malice aforethought, deliberateness and specific intent required for first degree murder.

Malice aforethought is not defined in 18 U.S.C. §1111. United States v. Medina-Garcia, 226 F. App'x. at 286 (citation omitted). Here, the jury was instructed, without objection from the Defendant, that malice aforethought means "to kill another person deliberately and intentionally or to act with

6

callous and wanton disregard for human life."[3]  [Doc. 96 at 4].  "Malice aforethought ... can be proven by circumstantial evidence."  Medina-Garcia, 226 F. App'x. at 286.  "Whether malice is present in a given case must be inferred by the jury from the whole facts and circumstances surrounding the killing."  United States v. Williams, 342 F.3d 350, 356-57 (4th Cir.), cert. denied 540 U.S. 1169, 124 S.Ct. 1189, 157 L.Ed.2d 1219 (2004).  In addition to the definition of malice aforethought, the jury here was also instructed that the term "malice" means "that condition of mind which prompts a person to take the life of another intentionally or to intentionally inflict serious bodily harm which proximately results in the death of the victim without just cause, excuse or justification." [Doc. 96 at 6].

A rational jury could have inferred from the angle of the gunshot into the victim's head that the shot was the result of deliberate and intentional conduct

---

[3]The Defendant briefly argues that the evidence was insufficient to show callous and wanton disregard for life. [Doc. 87-1 at 19].  The Defendant was charged with and convicted of first degree murder in Count One.  First degree murder requires a showing of premeditation, deliberateness and maliciousness in addition to malice aforethought. Williams, 342 F.3d at 356.  Thus, the jury's finding that the Defendant committed first degree murder contains an inherent finding that he acted deliberately and intentionally. As such, the "callous and wanton disregard" alternative element is irrelevant to a first degree murder charge.  It could pertain only to second degree.  Second degree murder requires only a showing of malice aforethought, which may also be shown by callous and wanton disregard for life.  Id.  The Defendant was not convicted of second degree murder.  Indeed, the Government asked for a charge on the lesser included offense of second degree murder but the Defendant objected and no such charge was given.

7

on the Defendant's part even if it occurred during a struggle. Williams, supra.; United States v. Rogers, __ F. App'x. __, 2011 WL 6062051 (4th Cir. 2011). If the jury disbelieved the Defendant's claim of a struggle and accidental shooting, which a rational jury could do, it could reasonably infer from the evidence presented that the Defendant's actions were done with malice aforethought, deliberately and intentionally. Id. As noted below, there was evidence presented during the trial that the Defendant and the victim had a sometimes physically abusive relationship and that he had previously spoken of killing her. United States v. Norris, 423 F. App'x. 732 (9th Cir 2011) (Rule 404(b) evidence used to show malice aforethought); United States v. Wright, 594 F.3d 259, 268 (4th Cir.), cert. denied __ U.S. __, 131 S.Ct. 507, 178 L.Ed.2d 376 (2010) (citing past relationship); Williams v. Ozmint, 494 F.3d 478, 489 (4th Cir.), cert. denied 552 U.S. 1232, 128 S.Ct. 1445, 170 L.Ed.2d 278 (2008) (circumstantial evidence of past arguments between defendant and victim considered as evidence of malice aforethought); United States v. Leonard, 439 F.3d 648 (10th Cir.), cert. denied 548 U.S. 917, 126 S.Ct. 2948, 165 L.Ed.2d 633 (2006) (Rule 404(b) evidence used to show malice aforethought). In any event, the evidence was sufficient for a rational jury to have found beyond a reasonable doubt from the totality of the facts and

8

circumstances surrounding the killing that the Defendant acted with malice aforethought. Id.; Williams, 342 F.3d at 356.

The Defendant also claims there is no evidence of "deliberate" conduct because the Government failed to show that the Defendant acted with a "cool state of mind." All of the evidence, he urges, shows that the incident occurred in the throes of an argument, thus, defeating any claim of a "cool state of mind" and therefore showing he could not have acted deliberately.[4] In support of this argument, the Defendant refers to an incomplete portion of the jury instructions in which the term "deliberately" is defined as acting in a cool state of mind. The complete charge given to the jury on this point, however, read as follows:

> To act deliberately means that a person acted in a cool state of mind. This does not mean that there had to be a total absence of passion or emotion. If the intent to kill was formed with a fixed purpose, not under the influence of some suddenly aroused violent passion, it is immaterial that the defendant was in a state of passion or excited when the intent was carried out.

[Doc. 96 at 6]. In addition to this definition, the jury was instructed that they could not find the Defendant guilty of murder unless they also found that "the

---

[4]The Defendant cites his "hysterical" 911 call and attempt to resuscitate the victim as further evidence that he did not have a "cool" state of mind. [Doc. 87-1 at 7]. These acts, however, occurred after the incident causing the victim's death and do not show his state of mind at the time of shooting.

9

defendant did not act upon a sudden quarrel or in the heat of passion caused by adequate provocation." [Id. at 3].

The evidence presented by the Government showed that the Defendant and the victim had spent most of the day together during which they took drugs and drank to excess. They returned to the Defendant's house along with their small child. No one besides the three were present in the house. The Defendant fell asleep on the couch in his livingroom that evening and awoke to gunshot blasts aimed above his head. During the altercation which ensued, according to the Defendant, he attempted to disarm the victim. The victim died as a result of a single gunshot to the back of her head. Whether or not there was an argument about a pill, the direct evidence of the angle of the victim's entry wound showed that it would have been difficult, if not impossible, for the victim to have been holding the gun at the time it discharged. There was direct evidence that the crime scene had been disturbed before the authorities arrived. The Defendant made several statements to the authorities after the incident in which he modified his story of an accidental shooting in subtle but telling ways.

Contrary to the Defendant's abbreviated view of the evidence, the jury found that the Defendant did not act under the influence of a suddenly

aroused violent passion; that is, he acted deliberately.  A rational jury considering both the direct and circumstantial evidence could have inferred from "the whole facts and circumstances surrounding the killing" that the Defendant acted with malice aforethought and deliberately.  Williams, 342 F.3d at 356-57; United States v. Water, 413 F.3d 812, 816-17 (8th Cir. 2005) (in a circumstantial murder case, "it is the totality of the circumstances that must be weighed in making a decision on a motion for acquittal.") (internal quotation and citation omitted).  Even "[i]f all of the evidence rationally supports two conflicting hypotheses, the reviewing court will not disturb the conviction." Id. (quotation and citations omitted).

The Defendant next challenges the sufficiency of the Government's evidence of specific intent to kill, claiming that absent Rule 404(b) evidence, there was no evidence of specific intent.[5]  The Defendant also argues that the Rule 404(b) evidence was improperly admitted.  The remedy for the erroneous admission of Rule 404(b) evidence, however, is a direct appeal or a motion for a new trial, not a motion for a judgment of acquittal.  United States v. Luna, 21 F.3d 874, 883 (9th Cir. 1994).

The Defendant also argues that even considering the Rule 404(b)

---

[5]Federal Rule of Evidence 404(b) allows the admission of evidence of prior acts to show motive, plan, intent and absence of mistake or accident.  Fed.R.Evid. 404(b).

11

evidence, there was insufficient evidence of specific intent to murder. In so doing, however, the Defendant presents his version of the inferences which the jury *should have drawn* from the evidence. For example, Bill Caley testified that the Defendant once told him that he needed to "shoot that bitch in the face," referring to the victim. [Doc. 87-1 at 9]. This is not evidence of specific intent, according to the Defendant, because it was obviously not a threat, only "talk." [Id.]. The victim's sister and grandmother both testified to previous incidents in which the Defendant and the victim had physical altercations. [Id. at 10-18]. The grandmother saw the Defendant chase the victim while he had a knife in his hand. [Id. at 17]. The sister testified the Defendant confessed that he thought about putting poison in the victim's food and commented that he could "just kill her;" "just strangle her." [Id. at 14]. The sister also testified that she overheard a telephone conversation in which the Defendant threatened to kill the victim, their child, and himself. [Id. at 15-16]. This testimony, the Defendant argues, was not sufficiently probative to constitute substantial evidence of the specific intent to commit first degree murder because there were inconsistencies, memory lapses, omissions and discrepancies in the testimony of these witnesses.[6]

---

[6]In the motion, the Defendant alternatively claims that the admission of this testimony was erroneous because it was unreliable and highly prejudicial. [Doc. 87-1 at

12

Again, the Defendant's claims overlook the fact that specific intent to commit first degree murder may be shown by circumstantial evidence. Williams, 342 F.3d at 357; McCloy v. Berghuis, 2008 WL 5062895 **21 (W.D.Mich. 2008) (circumstantial evidence, including execution style shot to back of victim's head showed intent to commit first degree murder); Byfield v. Conway, 2008 WL 4891219 (S.D.N.Y. 2008). "Relevant circumstantial evidence includes but is not limited to the defendant's prior relationship to the victim[.]" United States v. Begay, __ F.3d __, 2011 WL 94566 **4 (9th Cir.), cert. denied __ U.S. __, 132 S.Ct. 754 (2011) (internal quotation and citations omitted). Indeed, evidence of intent is "almost always demonstrated by circumstantial evidence." Eckstein v. Kingston, 460 F.3d 844, 850 (7th Cir. 2006). A rational jury, considering all of the evidence and the inferences to be drawn therefrom, could have found beyond a reasonable doubt that the Defendant acted with the specific intent to murder the victim.

The Defendant also attacks the sufficiency of the evidence to show the element of premeditation. The victim, he claims, died instantaneously on her back and the pathologist did not testify that an accidental shooting as

---

10-19]. He also argues that some of the testimony went beyond the scope of the Rule 404(b) Notice provided by the Government. [Id.]. As previously noted, however, these would be issues for direct appeal and/or a motion for a new trial. Luna, 21 F.3d at 883.

13

described by the Defendant would have been *impossible*. Thus, he concludes the Government's theory of an execution style killing was "based on mere conjecture and speculation and not otherwise supported by any evidence." [Doc. 87-1 at 23].

The jury was instructed that premeditation

> means with planning or deliberation. The passage of time is a factor which you may consider in attempting to determine if a defendant acted with premeditation. The amount of time needed for premeditation of a killing can depend on the person and the circumstances. The time must be long enough after ... forming the intent to kill, however, for the killer to have been fully conscious of the intent and to have considered the killing.

[Doc. 96 at 4].

The evidence presented by the Government showed that the Defendant and the victim argued both earlier in the day and immediately prior to the shooting. Indeed, the Defendant did not dispute that these arguments occurred. The victim, who was significantly smaller than the Defendant, had an injury on her head caused by blunt force trauma which appeared to have been sustained shortly before death. Although the Defendant was described as being covered in blood, none of it was his own and he was not injured in any manner. The Defendant was careful to keep his gun locked in a gun safe; yet, the victim somehow obtained it and shot at the Defendant. The angle of

14

the gunshot itself allows an inference that whoever pulled the trigger was standing behind the victim and aiming at her head. The gun was fired a mere ten centimeters from the skin on the back of her head. In addition, Bill Caley testified that the Defendant had previously said that he just needed to "shoot that bitch." [Doc. 87-1 at 9].

> Premeditation can be proved by circumstantial evidence. Relevant circumstantial evidence includes but is not limited to the defendant's prior relationship to the victim, the defendant's [having] the murder weapon [at] the scene, and the manner of the killing. Whether a defendant acted with premeditation is a factual issue for the jury to decide. And a jury's verdict is not to be disturbed lightly.
> ...
> First, a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution. ... Second, after viewing the evidence in the light most favorable to the prosecution, the reviewing court must determine whether this evidence, so viewed, is adequate to allow *any* rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.

Begay, __ F.3d __, 2011 WL 94566 **3-4 (quoting Jackson v. Virginia, 443 U.S. 307, 319-20, 326, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)) (other internal quotations and citations omitted).

"Premeditation is a fully formed conscious purpose to kill that may be formed in a moment and need only exist for such time as will allow the accused to be conscious of the nature of the act he is about to commit and the

probable result of that act." United States v. Abdullah, 2007 WL 2046801 **4 (4th Cir.), cert. denied 552 U.S. 1081, 128 S.Ct. 816, 169 L.Ed.2d 615 (2007) (internal quotation and citation omitted). "[N]o set period of time is required to demonstrate premeditation." United States v. Allen, 143 F. App'x. 519, 520 (4th Cir. 2005) (citing Faust v. North Carolina, 307 F.2d 869, 871 (4th Cir.), cert. denied 371 U.S. 964, 83 S.Ct. 547, 9 L.Ed.2d 511 (1963)). A rational jury could reasonably have inferred that the gun was taken out of the gun safe by the Defendant earlier in the day, a fact that would be evidence of premeditation. Begay, 2011 WL 94566 at **3-5. The history of violence between the parties as well as the fresh blunt force trauma to the victim's head are also evidence of premeditation. Id. at **5; Epperly v. Booker, 997 F.2d 1, 6 (4th Cir.), cert. denied 510 U.S. 1015, 114 S.Ct. 611, 126 L.Ed.2d 575 (1993) (evidence pointing to motive for killing, disparity in size of victim and defendant, and evidence of prior assault show premeditation). The closeness of the gun to the victim's head at the time it was fired indicates premeditation because a shot fired at a close and predictably fatal range indicates knowledge that the impact would cause death. Begay, 2011 WL 94566 at **5. Having drawn all inferences in favor of the Government, and having viewed the evidence in the light most favorable to the Government, this

evidence was sufficient for a rational jury to find that the Defendant acted with premeditation. Id.

Finally, the Defendant claims the Government failed to provide sufficient evidence to show that he did not act in self-defense. The jury was instructed that the Defendant had offered evidence that he was acting in self-defense at the time of the shooting. [Doc. 96 at 6-7]. It was further charged:

> Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself ... against the immediate use of unlawful force. A person acting in self-defense however must use no more force than appears reasonably necessary under all of the circumstances. Force likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is immediately necessary in order to prevent death or great bodily harm. The government must prove beyond a reasonable doubt that the defendant did not act in self-defense as described in this instruction.

[Id.].

The jury, having heard this instruction, nonetheless convicted the Defendant of first degree murder, a verdict which necessarily rejected his theory of self-defense. United States v. Williams, 527 F.3d 1235, 1245 (11th Cir. 2008) (citing Conklin v. Schofield, 366 F.3d 1191, 1200-01 (11th Cir. 2004)). That rejection was based on the Government's evidence at trial which included evidence that the victim had sustained blunt force trauma to her head shortly before the shooting. Syriani v. Polk, 118 F. App'x. 706 (4th Cir.), cert.

denied 546 U.S. 844, 126 S.Ct. 90, 163 L.Ed.2d 107 (2005) (jury rejected self-defense in view of evidence of prior domestic violence). The angle and proximity of the gunshot were also evidence of the use of greater force than necessary. Pheasant, 320 F. App'x. at 161. The disparity in size between the victim and the Defendant is an indication of the use of greater force than was necessary. United States v. Curtis, 44 M.J. 106 (U.S. Armed Forces 1996). The Defendant's statement that he was merely trying to disarm the victim also could be inferred by a rational jury as evidence that he used greater force than necessary. Hinton v. Uchtman, 395 F.3d 810, 820 (6th Cir.), cert. denied 546 U.S. 846, 126 S.Ct. 97, 163 L.Ed.2d 112 (2005) (testimony of medical examiner that victim was killed execution style rather than during struggle refuted self-defense). In addition, the jury had before it evidence that the Defendant had previously discussed killing the victim. United States v. Vega-Penarete, 974 F.2d 1333 (4th Cir.), cert. denied 507 U.S. 931, 113 S.Ct. 1313, 122 L.Ed.2d 701 (1993) (jury rejected self-defense based in part on lover's testimony that defendant had discussed killing victim). It was "well within the province of the jury to disbelieve" the Defendant's version of the incident and find him guilty of first degree murder. Id.; United States v. Bell, 584 F.3d 478, 485 (2nd Cir. 2009) (determination whether defendant acted in

18

self-defense depended in part on credibility assessment by jury which is not lightly to be disturbed).

In considering the Defendant's motion attacking the sufficiency of the evidence presented at trial,

> [f]irst, a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution. This means that a [reviewing] court ... may not usurp the role of the finder of fact by considering how it would have resolved the conflicts, made the inferences, or considered the evidence at trial. Rather, when faced with a record of historical facts that supports conflicting inferences a reviewing court must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any conflicts in favor of the prosecution, and must defer to that resolution.
>
> Second, after viewing the evidence in the light most favorable to the prosecution, the reviewing court must determine whether this evidence, so viewed, is adequate to allow *any* rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. ... At this second step, however, a reviewing court may not ask itself whether *it* believes that the evidence at trial established guilt beyond a reasonable doubt, only whether *any* rational trier of fact could have made that finding.

Begay, 2011 WL 94566 at **3-4 (quoting Jackson v. Virginia, 443 U.S. at 319). Applying these two steps, the Defendant's rather amorphous assertions that the evidence was insufficient must be rejected.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Judgment of Acquittal [Doc. 87] is hereby **DENIED**.

Signed: March 27, 2012

Martin Reidinger
United States District Judge